**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL P. CHAPMAN,**

**Plaintiff,**

vs.

**Civil Action 2:09-cv-00224**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge E. A. Preston Deavers**

**CITY OF STEUBENVILLE, *et al.*,**

**Defendants.**

**ORDER**

Plaintiff, Michael Chapman ("Plaintiff"), who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants Officer Nathan Cline ("Officer Cline"), the City of Steubenville, Ohio ("City"), and the Steubenville Police Department ("Police Department"), alleging, *inter alia*, use of excessive force in violation of his Fourth Amendment rights. This matter is before the Court for consideration of Defendant Officer Cline's August 6, 2010 Objections (Doc. 36) to the United States Magistrate Judge's July 23, 2010 Report and Recommendation (Doc. 33) recommending that Defendant's Motion for Summary Judgment (Doc. 25) be granted in part and denied in part. For the reasons stated below, the Court **OVERRULES** Officer Cline's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**I.**

The Magistrate Judge set forth the circumstances giving rise to Plaintiff's excessive force

claim as follows:

> On April 18, 2008, Plaintiff exited a Kroger store in Steubenville, Ohio, with a cart of stolen food. A store manager followed Plaintiff as he left the store. Plaintiff alleges that he released the cart and continued walking into a nearby cemetery. The manager alleges that Plaintiff hit her in the face before walking into the cemetery. The manager reported this to Officer Cline when he arrived on the scene. Another store employee, Sean Campbell, followed Plaintiff into the cemetery. Mr. Campbell showed Officer Cline the direction that Plaintiff fled. Officer Cline then pursued Plaintiff, verbally ordering him to stop several times.
>
> According to Plaintiff, he stopped fleeing, turned around to face Officer Cline, "put [his] hands up, out from [his] sides, palms facing [Officer Cline]," and stated, "You got me dude." (Pl's Aff., at ¶ 12 (Doc. 28).) Plaintiff alleges that Defendant Cline then shot at him twice. Plaintiff alleges that when he turned to run because he feared for his life, Officer Cline shot again, hitting him in the shoulder from a side angle. (*Id.* at 13.)
>
> According to Officer Cline, he warned Plaintiff that he would shoot if he did not stop. Although he admits that he shot three rounds at Plaintiff, hitting him once in the shoulder, Officer Cline maintains that he feared for the safety of both himself and Mr. Campbell, who was nearby, citing Mr. Campbell's earlier reports of violence. Also, Defendant Cline alleges that as Plaintiff stopped, he turned around, pointing an object that appeared to be a handgun at the him and stated, "I'll kill you, motherf-----." (Cline Dec. at ¶¶ 13–17.) When Officer Cline approached Plaintiff, who was injured from the gunshot wound, he saw a glasses case lying on the ground next to him. Defendant Cline alleges that Plaintiff had aimed the glasses case at him as though it was a handgun, and it was too dark to clearly see Plaintiff's hands. Mr. Campell, too, alleges that Officer Cline warned Plaintiff that he would shoot, and that Plaintiff then "turned and pulled something out of his pocket and aimed it at [Officer Cline.]" (*Id.* at Ex. 1.)
>
> Plaintiff admits that the glasses and glasses case photographed at the scene are his. He denies portraying that he had a weapon at any time. (Pl's Aff. at ¶¶ 12, 14.)

(Report and Recommendation 1–2.)

On March 24, 2009, Plaintiff filed filed a *pro se* Complaint, pursuant to the 42 U.S.C. § 1983, asserting that Defendants violated his Fourth Amendment rights. Plaintiff sought to recover $10 million, payment of the medical bills that he had incurred to date, and payment of

any future medical bills relating to the injury he sustained from being shot.

On December 2, 2009, Defendants filed their Motion for Summary Judgment (Doc. 25), seeking judgment on all claims. In their Motion for Summary Judgment, Defendants argue that Plaintiff alleged claims against Officer Cline only in his official capacity, and therefore, the claims were more properly analyzed as claims against the City. Alternatively, Defendants assert that if the Court construes the claims as against Officer Cline in both his official and personal capacities, Officer Cline is entitled to qualified immunity. Defendants also argue that the Police Department is entitled to judgment because as a sub-unit of the municipality, it was not subject to suit. Finally, Defendants argue that the City is entitled to judgment because Plaintiff failed to allege that the municipality itself caused any alleged constitutional violation.

The Magistrate Judge, in her Report and Recommendation, recommended that Defendants' Motion be granted with respect to the Police Department and City Defendants. Plaintiff has not objected to this conclusion. The Magistrate Judge, however, recommended denial of Defendants' Motion with respect to Officer Cline. Employing the course of proceedings test, the Magistrate Judge found that Officer Cline was on sufficient notice of Plaintiff's intent to hold him personally liable. The Magistrate Judge then considered whether or not Officer Cline was entitled to qualified immunity. She recommended that he was not entitled to qualified immunity because she found that genuine issues of material fact remained as to whether Officer Cline's use of deadly force would have been recognized by a reasonable officer as excessive. Officer Cline, in his Objections, challenges the Magistrate Judge's finding that Plaintiff is pursuing him in his individual capacity and also her finding that he is not entitled to qualified immunity.

II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, Defendants have moved for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court also recognizes that, in this instance, Plaintiff is proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are construed liberally

and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits."). In this context, the Court has thoroughly reviewed the pleadings presented by Plaintiff as well as other documents contained in the record as it proceeds to rule on Defendants' Motion for Summary Judgment.

## III. ANALYSIS

The first issue before the Court is whether Plaintiff has sued Officer Cline in his individual capacity. The Complaint fails to explicitly specify the capacity in which Plaintiff sues Officer Cline. As the Magistrate Judge noted, in such instances, the Sixth Circuit Court of Appeals employs the "course of proceedings test" in order to "determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." *Shepherd v. Wellman*, 313 F.3d 963, 967–68 (6th Cir. 2002); *see also Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether . . . notice has been satisfied."); *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995) (examining complaint and subsequent motions to determine that defendants were given sufficient notice).

Under the course of proceedings test, a § 1983 plaintiff's failure to affirmatively plead capacity is not fatal where "the course of proceedings otherwise indicates that the defendant

received sufficient notice." *Moore*, 272 F.3d at 772. A Court applying the test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Shepard*, 313 F.3d at 969 (citing *Moore*, 272 F.3d at 772 n.1). Additionally, a Court considers "whether subsequent pleadings put the defendant on notice of the capacity in which he or she is being sued." *Id.*

The Magistrate Judge applied the course of proceedings test and found that Plaintiff sued Officer Cline in his individual capacity. She analyzed the issue as follows:

> In the instant case, Plaintiff's Complaint and subsequent pleadings provide no definite statement of the capacity in which Officer Cline is being sued. Plaintiff's Complaint lists Officer Cline's name with his official title and lists the street address of the Police Department as the proper address. Plaintiff, however, seeks compensatory and punitive damages. Further, Defendants, in their Answer and again in their Motion for Summary Judgment, raise the defense of qualified immunity. (Answr. ¶ 23; Defs. Mot. for Summ. J. 11–13.) Officer Cline's assertion of qualified immunity demonstrates that he had actual knowledge of the potential for individual liability. *See Shepard*, 313 F.3d at 969 (citing *Moore*, 272 F.3d at 772 n.1). Because Plaintiff's Complaint seeks punitive and compensatory damages, and because Officer Cline had actual knowledge of the potential for individual liability, coupled with the Court's obligation to construe a pro se-plaintiff's claims liberally, the undersigned will presume that Plaintiff intended to bring suit against Officer Cline in his individual capacity.

(Report and Recommendation 6.)

Officer Cline objects to the Magistrate Judge's analysis and conclusion on three grounds. First, he asserts that the Magistrate Judge's finding that Plaintiff seeks punitive damages is clearly erroneous. He maintains that Plaintiff's Complaint makes no mention of punitive damages. A review of Plaintiff's Complaint reveals, however, that in addition to his prayer for

medical costs reimbursement, Plaintiff sought $10 million dollars. Officer Cline is correct that Plaintiff did not expressly label his $10 million demand. Given the otherwise inexplicably high amount of Plaintiff's demand, and the fact that Plaintiff is proceeding *pro se*, the Court agrees with the Magistrate Judge's characterization of Plaintiff's $10 million demand as a request for punitive damages.[1]

Even if the Court were to characterize Plaintiff's $10 million demand as a request for compensatory damages only, the Court's analysis and conclusion remains the same. This case is virtually indistinguishable from *Garcia v. Dykstra*, 260 Fed.Appx. 887, 894 (6th Cir. 2008). In *Garcia*, the plaintiff's complaint, which asserted § 1983 claims, failed to specify in either the caption or the text that the defendants were named in their individual capacities. 260 Fed.Appx. at 894–95. Consequently, the Sixth Circuit Court of Appeals applied the course of proceedings test to determine whether the defendants were on notice of the possibility of an individual capacity § 1983 claim. *Id.* at 895. The *Garcia* Court concluded that the plaintiff's "demand for money damages, along with . . . the qualified immunity defense asserted in the answer and amended answer, demonstrates that [the defendants] were aware of potential liability in their individual capacities." *Id.* at 895. Here, as in *Garcia*, Plaintiff demanded money damages, and Defendants, in their Answer and again in their Motion for Summary Judgment, raised the defense of qualified immunity. Thus, the Court agrees with the Magistrate Judge that Officer Cline had

---

[1]Officer Cline asserts that it is important for the Court to be aware that "Plaintiff has been receiving the assistance of a self-described 'jailhouse lawyer.' " (Objections 2 (citing Mot. for Appointment of Counsel)). Plaintiff, in his Motion for Appointment of Counsel to Proceed to Trial (Doc. 37), represented that he had received some assistance from a "Jail House Lawyer," but he specifically noted that he had no assistance in drafting his Complaint. (Mot. for Appointment of Counsel 1.) Officer Cline does not explain, and the Court cannot otherwise discern why this information is relevant to the Court's consideration of his Objections.

actual knowledge of the potential for individual liability.

Second, Officer Cline asserts that a finding that Plaintiff is pursuing him in his individual capacity is contrary to law because Plaintiff failed to inform the Court of his intent in his response to Defendants' Motion for Summary Judgment. As Officer Cline notes, Plaintiff did not explicitly declare the capacity in which he was suing Officer Cline. Plaintiff did, however, argue that Officer Cline was not entitled to qualified immunity, asserting that genuine issues of material fact as to the objective reasonableness of Officer Cline's actions remained. If Plaintiff intended to pursue Officer Cline only in his official capacity, he would have no reason to brief the issue of qualified immunity. Thus, Plaintiff's responsive briefing does not contradict the Magistrate Judge's findings.

Third, Officer Cline asserts that "[t]he case law holding that the presentation of the defense of qualified immunity demonstrates a course of proceedings that Plaintiff is pursuing a state actor individually puts the state actor in an untenable position." (Objections 3.) Officer Cline suggests that instead, "[t]he course of proceedings should be demonstrated by the Plaintiff's conduct, not the Defendants." (*Id.*) Notwithstanding Officer Cline's proposal to the contrary, this Court is bound to apply Sixth Circuit precedent with respect to the course of proceedings test. The primary purpose of the test is to discern whether a § 1983 defendant has actual knowledge of the potential for individual liability. *See e.g.*, *Shepherd*, 313 F.3d at 967–68; *Moore*, 272 F.3d at 772; and *Garcia*, 260 Fed.Appx. at 894. The Defendant's conduct is relevant to this inquiry.

The final issue before the Court is whether Officer Cline is entitled to qualified immunity. The Magistrate Judge concluded that Officer Cline is not entitled to qualified immunity. She

reasoned that "genuine issues of material fact remain as to whether Officer Cline's use of deadly force would have been recognized by a reasonable officer as excessive." (Report and Recommendation 11.) Officer Cline does not reference any specific error or deficiency in the Magistrate Judge's analysis. Instead, he simply states that: "[i]n the event the Court affirms the Magistrate's findings on the question of capacity, Officer Cline objects to the Magistrate's finding that he is not entitled to qualified immunity." The Court has reviewed the parties' arguments and the Magistrate Judge's analysis and agrees with the Magistrate Judge's findings. Accordingly, the Court holds that Officer Cline is not entitled to qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendants' Objections (Doc. 36) and **ADOPTS** the Magistrate Judge's July 23, 2010 Report and Recommendation (Doc. 33). Defendant's Motion for Summary Judgment (Doc. 25) is **GRANTED IN PART AND DENIED IN PART**. Only Plaintiff's claims against Officer Cline in his individual capacity remain pending.

**IT IS SO ORDERED.**

9-23-2010
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**